FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

93 DEC 21  PM 2: 48

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DORIS ANTROBUS, JAMASINA HIVELY,
JEANIE LAPLANTE, PATRICIA MEEHAN and
EVELYN MOORE, individually and on
behalf of all other persons similarly situated,

        Plaintiffs,

vs.

NORTHLAKE FOODS INC., d/b/a
WAFFLE HOUSE,

        Defendant.

_____/

No. 98- 2601- CIV -T-17F

CLASS ACTION

## COMPLAINT – INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

Plaintiffs bring this class action against Northlake Foods Inc., d/b/a Waffle House (hereafter "Waffle House") under federal laws prohibiting discrimination in employment on the basis of sex.  Plaintiffs allege:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended.  The Court also has jurisdiction over this action for violation of the Equal Pay Act of 1963 (EPA), pursuant to 29 U.S.C. § 206(d), § 6(d); 29 U.S.C. § 206(d)(1).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and 42 U.S.C. § 2000e-5(f)(3).  Many of the unlawful employment practices hereinafter alleged have been committed in the Middle District of Florida, and Waffle House's corporate headquarters are located within the Middle District of Florida.

## I. INTRODUCTION

3.      This is a class action for damages and injunctive relief brought by current and former female employees of Waffle House on behalf of themselves and all other female employees of Waffle House who on the basis of their gender are, have been, and continue to be adversely affected by Waffle House's continuing policy and pattern or practice of gender-based discriminatory treatment of its female employees.  This discriminatory treatment is manifested by such policies and patterns or practices as denying female employees promotional opportunities, management and supervisory positions, equal pay, full-time status, and other benefits and conditions of employment on the same terms applied to male employees.  In addition, Waffle House channels its female employees into positions with limited opportunities for promotion; deters female employees from seeking promotions, management positions and desirable job assignments.  The illegal policy and pattern or practice of discrimination described above has been accomplished by subjective decision-making by a predominately male supervisory and managerial workforce.  This pervasive, subjective and gender-biased decision-making has had an adverse impact on females and constitutes a continuing violation of Title VII and the EPA.

## II. PARTIES

A.      Plaintiffs

4.      Plaintiff Doris Antrobus is a woman who has been employed by Waffle House as a cook for twenty-three years.  Antrobus is a resident of Hernando County, Florida.

2

5.      Plaintiff Jamasina Hively is a woman who was employed by Waffle House as a waitress from January 1997 until December 1997.  Hively is a resident of Pasco County, Florida.

6.      Plaintiff, Jeanie LaPlante is a woman who was employed by Waffle House as a waitress from June 1996 until March 1998. LaPlante is a resident of Pasco County, Florida.

7.      Plaintiff, Patricia Meehan is a woman who has been employed by Waffle House since 1992.  Meehan is a resident of Pasco County, Florida.

8.      Plaintiff, Evelyn Moore is a woman who was employed by Waffle House as a waitress from August, 1996 until February, 1998.  Moore is a resident of Hillsborough County, Florida.

B.    Defendant

9.      Waffle House is a Florida corporation that owns and operates over 130 Waffle House restaurants nationwide, particularly in Florida, Georgia and Virginia.  Waffle House's corporate headquarters are in Tampa, Florida.   Waffle House has approximately 4,500 employees, a majority of whom work in Florida restaurants.

10.     Waffle House is and has been an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) -5(b) at all relevant times.  Under the EPA, Waffle House is a covered "enterprise".

11.     On October 22, 1998, Plaintiffs filed charges of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.").  On November 30, 1998 the E.E.O.C. issued Right to Sue letters.  Accordingly, this action has been timely commenced and all jurisdictional prerequisites to this action have been met.

3

12.    Waffle House has acted maliciously or with a reckless indifference to the rights of Plaintiffs and the class they seek to represent in establishing and maintaining the continuing illegal employment policy and pattern or practice described herein.

### III. CLASS ACTION ALLEGATIONS

13.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 on behalf of a class of all past and present female employees of Waffle House who, on the basis of sex, are, have been, continue to be, or may in the future be adversely affected by the continuing policy and pattern or practice complained of herein, including but not limited to:

a.    Failing and refusing to implement and follow a uniform posting procedure to ensure that all employees have equal notice of managerial level job openings and promotions, which adversely affects the ability of women employees to advance;

b.    Failing and refusing to establish a uniform and unbiased process by which men and women employees can apply and compete equally for promotions and management position;

c.    Relying upon subjective, gender-biased and/or arbitrary criteria utilized by a nearly all-male managerial workforce in making assignment, compensation, training and promotional decisions;

d.    Assigning women to sex-segregated job positions, usually waitress positions, with limited promotional opportunities, while assigning men to more desirable positions with greater opportunity for advancement;

e.    Failing and refusing to consider women for desirable work assignments, promotions and management positions on the same basis as men are considered;

4

f.     Discouraging and deterring women from applying for desirable assignments, promotions and management positions;

g.     Failing and refusing to provide women with the necessary work experience and training to qualify them for management and supervisory positions on the same basis as men are provided with such experience and training;

h.     Paying women less than similarly-situated men;

i.     Affording women fewer hours than similarly-situated men;

j.     Denying women full-time pay;

k.     Maintaining and fostering a reputation for discriminatory conduct that deters women from pursuing promotional opportunities with Waffle House.

l.     Refusing to consider qualified women applicants for positions leading to management training and management; and

m.     Denying women employees other terms and conditions of employment on the same basis applied to male employees.

14.     Plaintiffs are members of the class they seek to represent.

15.     <u>Numerosity</u>. The members of the class identified are so numerous that joinder of all members is impracticable. The number of class members possible affected by Waffle House's illegal policy and pattern or practice of gender-based discrimination is indeterminate at the present time, but is clearly larger than can be addressed by joinder. There are approximately 130 Waffle House restaurants maintained by Waffle House. On information and belief, Plaintiffs allege that women constitute over 80% of all of Waffle House's 4,500 employees, the pool from which managers are recruited.

5

16.   <u>Commonality and Typicality</u>.  This suit poses questions of law and fact which are common to and affect the rights of all members of the class, including, without limitation, whether Waffle House has violated Title VII and the EPA, as alleged herein, under either the disparate treatment or disparate impact theories.  The claims of the named Plaintiffs are typical of the claims of the class members as a whole.

17.   Waffle House maintains a system wide policy and pattern or practice of treating female applicants and employees less favorably than their male counterparts.  This constitutes illegal class wide disparate treatment in violation of Title VII and the EPA.  This policy and pattern or practice has been implemented and maintained by Waffle House's nearly all-male supervisory and management structure through a subjective and gender-biased system for making employment decisions in all aspects of Waffle House's operations, including, but not limited to:  job assignments, compensation, promotions, granting of full-time status, raises, hours, training, and other terms and conditions of employment.  This policy and pattern of practice is common to and typical of the claims of all the Plaintiffs and class members.

18.   Waffle House's policy and pattern or practice of sex discrimination further is manifested by its continuing practice of limiting the opportunities for women to be selected for desirable job assignments, promotions and management positions.  Waffle House maintains two "career tracks:" one for men, which leads to promotions into higher-paying and management and supervisory positions, and another for women, which leads to lower-paying, non-management, normally waitress positions.  From the beginning of their employment with Waffle House, women are typically channeled into waitress positions that do not allow for promotion into higher paying, full-time, or management positions.  Female employees are

6

commonly limited to the positions of waitress and cashier, while men are hired as cooks, then quickly promoted to assistant manager. Examples abound of men receiving quick promises of promotion upon their initial hire. These job assignments typically do not allow for advancement into restaurant management positions. This is evidenced by the fact that restaurant managerial positions, including manager and assistant managers at Waffle House are predominately held by male employees despite the fact that women constitute over 80% of the Company's workforce.

19.    Waffle House's workforce is broken down into five areas: South Florida, North Florida, Central Florida, Georgia and Virginia. As of February, 1998, 100% of the Area Managers were male. Each of the five areas are broken down into divisions. As of February, 1998, the areas were divided into fourteen divisions, each with a Division Manager. Men hold approximately 85% of the division manager positions. Each division is further divided into districts. As of February, 1998, there were forty districts, each with a District Manager. Men hold nearly 60% of the District Manager positions. Within each district, there are the restaurants, referred to as units. Each restaurant or unit has a Unit Manager. In Florida, Georgia and Virginia, nearly 50% of the unit managers are male.

20.    As the foregoing percentages indicate, Waffle House maintains a top-down pyramid structure with males dominating the management and supervisory structure. The percentages of male dominated management positions is shocking when it is considered that Waffle House has a predominately (i.e.: over 80%) female workforce. Women are sometimes promoted into management positions by Waffle House, however, it normally requires two to three times the length of employment. From the beginning of their employment, men are

7

considered by Waffle House as promotional candidates and groomed as such from the beginning. Women, on the other hand, are typically hired into waitress and cashier positions where they can expect to remain until the passage of a disproportionate amount of time. Male employees, especially those identified early as promotional candidates, typically receive higher starting hourly rates, then later, salaries as incentives to "stay around."

21.    Waffle House's policy and pattern or practice of sex discrimination also is manifested by its failure and refusal to establish a uniform and unbiased procedure for posting available jobs. Waffle House does not post available management jobs or otherwise publicize the availability of specific promotional opportunities; therefore female employees have no way of knowing when a promotion or more desirable position becomes available, despite the fact that Waffle House often fills open positions from its pool of current employees.  Rather, available positions are filled through subjective and informal communications whereby the predominately male management workforce makes subjective and gender-biased decisions regarding promotions. As a result, many promotions, vacancies or advancement opportunities are unknown to females and are filled by males.  Indeed, men are often hired with the express promise of quick promotion and management track opportunities.

22.    Waffle House's policy and pattern or practice of sex discrimination also is manifested by its denial of equal and fair compensation to its female employees.  The amount of compensation an employee receives is not determined by any objective criteria or standards, but rather is determined on an employee-by-employee basis by Waffle House's nearly all-male management workforce.  This subjective system results in female employees receiving lower compensation than similarly-situated male employees.  Males are paid more

8

upon hire and given quicker raises to encourage their continuation of employment into management. Female employees are also denied bonuses and other benefits of employment that are provided to male employees. Female employees are sometimes given supervisory duties and responsibilities but are denied compensation commensurate with those responsibilities as compared to similarly situated male employees performing comparable work.

23.     Waffle House's policy and pattern or practice of sex discrimination also is manifested by its denial of training and mentoring to female employees. Male employees receive training that assists them in receiving promotions and management positions. Male employees also are mentored by male management, which further assists male employees in obtaining promotions. Female employees are denied training and mentoring on the same terms and conditions that such training and mentoring are provided to male employees.

24.     Waffle House's well known reputation for discrimination against women also deters female employees from seeking promotions, desirable job assignments, management positions, and other terms and conditions of employment.

25.     <u>Adequacy of Representation</u>.  Plaintiffs will adequately represent the class. Plaintiffs desire to represent the class and have retained counsel experienced in litigating employment discrimination claims.

26.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Waffle House has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole. Because the claims of the class relate to denial of promotional opportunities and

9

promotions, as well as, the denial of equal pay, the equitable issues of declaratory and injunctive relief, together with the make whole remedies, predominate over claims of individual monetary relief.

27.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Each member of the class has been damaged and is entitled to recovery by reasons of the common, uniform, illegal employment policy, pattern or practice and procedures of Waffle House.  Finally, the appropriateness and the amount of punitive damages are issues common to the class and capable of class treatment.

## IV. GENERAL PATTERNS OF DISCRIMINATION

28.    The denials and abridgments of employment rights and opportunities suffered by Plaintiffs as detailed below are not isolated examples of Waffle House's employment practices; rather, they are illustrative of the pervasive policy and pattern or practice of sex discrimination in employment that has continually existed in Waffle House's restaurants. Waffle House has created and maintained a system wide policy and pattern or practice of sex-based disparate treatment that limits the employment opportunities of women in all aspects of Waffle House's operations.

29.    Waffle House maintains a highly gender-segregated workforce, with male employees filling the vast majority of management positions.  The under-representation of women in Waffle House's management jobs is not random or accidental; rather, it is the result of discrimination in hiring, assignment of jobs and promotional opportunities, segregation of

10

women into normally waitress positions with little opportunity for promotion or advancement, and Waffle House's general policy and pattern  or practice or discriminating against women.

30.    Waffle House has pursued a policy and pattern or practice on a continuing basis which have had the intent or effect of denying women equal job opportunities and conditions of employment.  Such policy and pattern or practice include, without limitation:

a.    Failing and refusing to implement and follow a uniform posting procedure to ensure that all employees have equal notice of store level job openings and promotions, which adversely affects the ability of women to advance;

b.    Failing and refusing to establish a uniform and unbiased process by which men and women employees can apply and compete equally for promotions and management positions;

c.    Relying upon subjective, gender-biased and/or arbitrary criteria utilized by a nearly all-male managerial workforce in making hiring, assignment, compensation, training and promotional decisions;

d.    Assigning women to sex-segregated waitress positions with limited promotional opportunities, while assigning men to the position of cook which entails greater opportunity for advancement;

e.    Failing and refusing to consider women for promotions and management positions on the same basis as men are considered;

f.    Discouraging and deterring women from applying for promotions and management positions for which they are qualified;

11

g.      Failing and refusing to provide women with the necessary work experience and training to qualify them for more managerial positions on the same basis as men are provided with such experience and training;

h.      Paying women less than similarly-situated men;

i.      Affording women fewer hours than similarly-situated men;

j.      Denying women full-time status;

k.      Maintaining and fostering a reputation for discriminatory conduct that deters women from pursuing promotional opportunities with Waffle House.

l.      Refusing to consider qualified women applicants for positions leading to management; and

m.      Denying women employees other terms and conditions of employment on the same basis applied to men employees.

31.      As a result of the illegal policy and pattern or practice described above, there are two work forces at Waffle House's restaurants.  One workforce, which is primarily male, enjoys preferential treatment, better job opportunities and pay, a swift path to advancement and disproportionately dominates management positions.  The other workforce, which is primarily female, holds a disproportionate share of the lowest level, normally waitress, positions, is denied equal terms and conditions or employment and with relatively few exceptions has not been allowed to advance to management, especially upper level management positions.

V.  <u>CLAIMS OF NAMED PLAINTIFFS</u>

<u>Doris Antrobus</u>

12

32.     Plaintiff, Doris Antrobus has been employed by Waffle House for twenty-three years.  For the last six years, Antrobus worked as a cook at Waffle House's restaurant in Wesley Chapel, Florida,  In twenty-three years, Antrobus has taken only four sick days. Despite Antrobus' length of employment and excellent work history, she earns $7.43 per hour. Upon information and belief, males have been hired in the restaurant where Antrobus works, and in similarly situated restaurants, at higher rates than Antrobus.  If not hired at a similar hourly rate, men, within a relatively short period of time, receive increases in pay, not only greater than Antrobus and other females, but at a greater rate and in some cases, a large gross hourly rate.   In twenty-three years, Antrobus has seen men promoted at a greatly disproportionate rate compared to women.

33.     Waffle House has discriminated against Antrobus on account of her sex by:

a.     Denying her wages, raises, compensation, and other benefits of employment equal to those of similarly-situated males;

b.     Failing to provide her with training  to qualify her for promotional opportunities on the same basis as is provided to male employees;

c.     Relying on subjective selection criteria and decision-making by male managers and supervisors to deny her promotional opportunities for which she was qualified;

d.     Discouraging and deterring her from seeking promotional opportunities; and

e.     Failing to provide her with job assignments on the same basis as male employees.

13

34.     On or about October 22, 1998, Antrobus timely filed a charge of discrimination with the E.E.O.C.  On November 30, 1998, Antrobus received a Right to Sue notice from the E.E.O.C.  Antrobus' Right to Sue notice is attached as Exhibit A.  Antrobus has thus satisfied all conditions precedent to filing this suit under Title VII and the EPA.

Jamasina Hively

35.     Plaintiff, Jamasina Hively worked for Waffle House for about one year as a cook. During Hively's employment, she was subjected to sexual harassment and unequal pay as compared to similarly situated male co-workers.  In addition, Hively was never considered for management training unlike newly hired males with less experience.   On numerous occasions, Hively was subjected to sexual harassment by the restaurant manager, Lenno Martinez.  In particular, Martinez talked about his sex life and urged Hively to recruit teenage females for employment.  Hively also heard the manager, Martinez tell District Manager Jim Brown that "we need some men".

36.     Waffle House has discriminated against Hively on account of her sex by:

a.      Denying her wages, raises, compensation, and other benefits of employment equal to those of similarly-situated males;

b.      Failing to provide her with training to qualify her for promotional opportunities on the same basis as is provided to male employees;

c.      Relying on subjective selection criteria and decision-making by male managers and supervisors to deny her promotional opportunities for which she was qualified;

d.      Discouraging and deterring her from seeking promotional opportunities;

14

        e.       Failing to provide her with job assignments on the same basis as male employees; and

        f.       Constructively discharging her on or about December 31, 1997.

37.    On or about October 22, 1998, Hively timely filed a charge of discrimination with the E.E.O.C.  On November 30, 1998, Hively received a Right to Sue notice from the E.E.O.C.  Hively's Right to Sue notice is attached as Exhibit B.  Hively has thus satisfied all conditions precedent to filing this suit under Title VII and the EPA.

Jeanie LaPlante.

38.    Plaintiff, Jeanie LaPlante worked for over one year as a cook at the restaurant in Wesley Chapel, Florida. On at least one occasion, Waffle House hired a male as cook at an hourly rate ($7.00 per hour) that was higher than LaPlante was earning ($6.30 per hour) despite her greater seniority.  As a result of the unequal pay, LaPlante was constructively discharged in March 1998.  During LaPlante's employment, Waffle Houses' management's attitude towards women was exemplified by the sexually harassing treatment she received from the Area Manager, Mike Kolnicky.  On at least one occasion, Kolnicky rubbed LaPlante's buttocks.

39.    Waffle House has discriminated against LaPlante on account of her sex by:

        a.       Denying her wages, raises, compensation, and other benefits of employment equal to those of similarly-situated males;

        b.       Failing to provide her with training to qualify her for promotional opportunities on the same basis as is provided to male employees;

c.    Relying on subjective selection criteria and decision-making by male managers and supervisors to deny her promotional opportunities for which she was qualified;

d.    Discouraging and deterring her from seeking promotional opportunities;

e.    Failing to provide her with job assignments on the same basis as male employees; and

f.    Constructively discharging her in March 1998.

40.    On or about December 2, 1998, LaPlante filed a charge of discrimination with the E.E.O.C. LaPlante has thus satisfied all conditions precedent to filing this suit under the EPA.

Patricia Meehan

41.    Plaintiff, Patricia Meehan has worked for Waffle House for over six years. Despite Meehan's length of employment, she has never been offered a management position. Meehan was not even considered for an assistant manager position until after three years of employment. During Meehan's employment, men were promoted and given raises at a much faster rate than Meehan and similarly-situated female employees. In addition, Meehan was subjected to sexual harassment from both the Unit Manager, Lenno Martinez and District Manager, Jim Brown. In particular, Martinez continually talked about sex at work and how he "liked young girls". Meehan complained to Martinez about the treatment to which prompt remedial action was not taken. Brown rubbed against Meehan's breasts and otherwise made sexually suggestive comments to Meehan and other female employees. The sexually harassing behavior of managers Martinez and Brown exemplified their attitude and sexual objectification of the predominately female workforce. On many occasions, Brown called Meehan "a bitch".

16

Brown, a District Manager, had gained his promotion after less than one year as a Unit Manager.

42.    Waffle House has discriminated against Meehan on account of her sex by:

a.    Denying her wages, raises, compensation, and other benefits of employment equal to those of similarly-situated males;

b.    Failing to provide her with training to qualify her for promotional opportunities on the same basis as is provided to male employees;

c.    Relying on subjective selection criteria and decision-making by male managers and supervisors to deny her promotional opportunities for which she was qualified;

d.    Discouraging and deterring her from seeking promotional opportunities; and

e.    Failing to provide her with job assignments on the same basis as male employees.

43.    On or about October 22, 1998, Meehan timely filed a charge of discrimination with the E.E.O.C.  On November 30, 1998, Meehan received a Right to Sue notice from the E.E.O.C.  Meehan's Right to Sue notice is attached as Exhibit C.  Meehan has thus satisfied all conditions precedent to filing this suit under Title VII and the EPA.

Evelyn Moore

44.    Plaintiff, Evelyn Moore worked as a waitress, then as a cook for Waffle House. Moore had to wait over one year before she was offered any kind of management training. Eventually, Moore did participate in management training, was given more job responsibilities and duties.  Despite the increase in responsibilities and duties, Moore was not given any pay

17

increases, specifically, a raise scheduled for October 1997. In addition, she was denied the opportunity to enter management. During Moore's employment, males were hired at higher starting hourly rates than Moore was making after one year of employment. Also, men were hired and immediately placed on a management track by the District Manager, Jim Brown. On another occasion, Moore's brother, Gregory Moore, was hired as a management trainee in the restaurant where Evelyn Moore worked. Upon his entrance restaurant manager, Lenno Martinez, told Mr. Moore that he "could get [him] into management". Mr. Moore was even urged by other male management to take over his sister's training position. Evelyn Moore was asked to transfer so that her brother could take the position.

45.     Waffle House has discriminated against Moore on account of her sex by:

a.      Denying her wages, raises, compensation, and other benefits of employment equal to those of similarly-situated males;

b.      Failing to provide her with training to qualify her for promotional opportunities on the same basis as is provided to male employees;

c.      Relying on subjective selection criteria and decision-making by male managers and supervisors to deny her promotional opportunities for which she was qualified;

d.      Discouraging and deterring her from seeking promotional opportunities;

e.      Failing to provide her with job assignments on the same basis as male employees;

46.     On or about October 22, 1998, Moore timely filed a charge of discrimination with the E.E.O.C. On November 30, 1998, Moore received a Right to Sue notice from the

E.E.O.C.  Moore's Right to Sue notice is attached as Exhibit D.  Moore has thus satisfied all conditions precedent to filing this suit under Title VII and the EPA.

47.      Another example of Waffle House's discriminatory pay and promotional policies is exemplified by the career of a former Unit Manager, Clifton Bozarth.  Bozarth was employed by Waffle House for only one year and three months before he was promoted to a unit manager position in April, 1998.  Upon Bozarth's promotion to manager, he started at a higher salary than another female manager, Kim Santos.  Another male manager, Raymond Willis, also started at a higher salary than Santos.  It took Santos several years of employment to gain access to the same management position.  As Bozarth describes it, he received his promotion to management by a telephone call simply saying, "We want you as manager".  Bozarth also has information about direct statements of discriminatory intent by a Division Manager, Charlie Stuart.  Upon information and belief, Stuart told a female candidate for management (after twenty years of employment) that Waffle House was "looking for a man" for the subject management position.

48.      Another example of delayed promotional opportunities is that of Diane ("Dede") McCalvin.    Despite  many  years  of  employment,  McCalvin  was  not  promoted  for approximately six years.  During that time period, McCalvin trained men for management positions, such as John Cannon, who subsequently advanced to higher management positions. When McCalvin finally was given a Division Management position, she was given a Division Management position over two of Waffle House's most undesirable restaurants.

VI.  FIRST CLAIM FOR RELIEF

(Title VII of the Civil Rights Act of 1964,

19

42 U.S.C. § 2000(e), <u>et seq.</u>, as amended)

49.     Plaintiffs incorporate Paragraphs one through forty-eight.

50.     This claim is brought on behalf of all Plaintiffs and the class they seek to represent.

51.     The foregoing conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), <u>et seq.</u>, as amended.

52.     All named Plaintiffs, except LaPlante, have received Right-to-Sue notices from the E.E.O.C., and have commenced this action in a timely manner.  Plaintiffs have therefore exhausted their administrative remedies and fulfilled all conditions precedent to filing suit.

53.     Plaintiffs request relief as hereinafter provided.

VII.  <u>SECOND CLAIM FOR RELIEF</u>

(Equal Pay Act of 1963)

54.     Plaintiffs incorporate Paragraphs one through forty-eight.

55.     This claim is brought on behalf of all Plaintiffs and the class they seek to represent.

56.     The foregoing conduct violates the Equal Pay Act of 1963.

57.     Plaintiffs request relief as hereinafter provided.

VIII.  <u>JURY DEMAND</u>

58.     Plaintiffs demand trial by jury in this action.

IX.  <u>PUNITIVE DAMAGES</u>

20

59.     Waffle House has engaged in the discriminatory conduct as alleged herein maliciously or in reckless disregard of the rights of Plaintiffs and class members.  Plaintiffs and class members are thus entitled to recover punitive damages in an amount according to proof.

## X.  PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and the class members whom they seek to represent request the following relief:

1.     Certification of the case as a class action on behalf of the proposed Plaintiff class and designation of the Plaintiffs as representatives of the class and their counsel of record as Class Counsel;

2.     A declaratory judgment that Waffle House's practices complained of herein are unlawful and violative of Title VII and the Equal Pay Act;

3.     An award of back pay; front pay; damages for lost compensation and job benefits that the individual Plaintiffs and the class they seek to represent would have received but for Waffle House's discriminatory practices; and compensatory damages for emotional distress, humiliation, embarrassment and anguish;

4.     An award of exemplary and punitive damages commensurate with Waffle House's ability to pay and to deter future discriminatory conduct;

5.     An injunction against Waffle House and its partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

6.     An order requiring Waffle House to institute and carry out policies, practices and affirmative action programs that provide equal employment opportunities for women and that remedy the effect of Waffle House's past and present unlawful employment practices;

7.     An order restoring Plaintiffs and the class they seek to represent to those jobs they would now be occupying but for Waffle House's discriminatory practices;

8.     An order directing Waffle House to adjust the wage rates and benefits for Plaintiffs and the class they seek to represent to the level that they would be enjoying but for Waffle House's discriminatory practices;

9.     Reasonable attorneys' fees and costs and expenses of suit;

10.    Prejudgment interest; and

11.    Such other and further relief as the Court may deem just and proper.

Dated:  December 14, 1998.

Respectfully submitted,

RONALD W. FRALEY, ESQ.
Florida Bar No. 0747025
**FRALEY & FRALEY, P. A.**
501 E. Kennedy Blvd., Suite 1225
Tampa, Florida 33602
(813)229-8300-Tel. No.
(813)221-2160-Fax No.
Attorney for Plaintiffs

data\antrobus\pleadings\complaint waffle

EEOC Form 161-B (10/96)

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | From: |
|---|---|
| Ms. Doris Astrobus<br>321 Roosevelt Avenue<br>Brooksville, Florida  34609 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida  33602 |

[  ]  *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>151990076 | EEOC Representative<br>Gary Frey, Supervisor | Telephone No.<br>(813) 228-2310 |
|---|---|---|

(See also the additional information attached to this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your suit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
       be able to complete its administrative processing within 180 days from the filing of the charge.

[X]   The EEOC is terminating its processing of this charge.

[  ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, the paragraph marked below applies to your case:

[  ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN</u>
       <u>90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge,
       you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required).  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

*11 – 30 – 98*                          On behalf of the Commission

C. D. Packwood, Jr., Area Director                    12 – 10 – 88
                                                      *(Date Mailed)*

Enclosure(s)
Copy of Charge

cc:

Ms. Mary C. Fleming                    Ronald W. Fraley, Esquire
Human Resources Director               Fraley & Fraley, P.A.
Northlake Foods d/b/a Waffle House     One Mack Center, Suite 1225
5912 Breckenridge Pkwy., Suite A       501 E. Kennedy Boulevard
Tampa, Florida  33610                  Tampa, Florida  33602

**EXHIBIT**

"A"

EEOC Form 161-B (10/96)

## U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Ms. Jamasina Hively<br>21852 Pinewood Loop<br>Land O'Lakes, Florida  34639 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida  33602 |

[  ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151990077 | Gary Frey, Supervisor | (813) 228-2310 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[  ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[  ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

11-30-98    On behalf of the Commission

J. D. Packwood, Jr., Area Director          12-10-98
                                             *(Date Mailed)*

Enclosure(s)
Copy of Charge

cc:

Ms. Mary C. Fleming
Human Resources Director
Northlake Foods d/b/a Waffle House
5912 Breckenridge Pkwy., Suite A
Tampa, Florida  33610

Ronald W. Fraley, Esquire
Fraley & Fraley, P.A.
One Mack Center, Suite 1225
501 E. Kennedy Boulevard
Tampa, Florida  33602

**EXHIBIT "B"**

EEOC Form 161-B (10/96)

## U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:
Ms. Patricia L. Meehan
21856 Pinewood Loop
Land O'Lakes, Florida 34639

From:
U. S. Equal Employment Opportunity Commission
Tampa Area Office
501 E. Polk Street, Room 1020
Tampa, Florida 33602

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151990078 | Gary Frey, Supervisor | (813) 228-2310 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

11-30-98                    On behalf of the Commission

J. D. Packwood, Jr., Area Director              12-10-98
*(Date Mailed)*

Enclosure(s)
Copy of Charge

cc:

Ms. Mary C. Fleming
Human Resources Director
Northlake Foods d/b/a Waffle House
5912 Breckenridge Pkwy., Suite A
Tampa, Florida 33610

Ronald W. Fraley, Esquire
Fraley & Fraley, P.A.
One Mack Center, Suite 1225
501 E. Kennedy Boulevard
Tampa, Florida 33602

EXHIBIT "C"

EEOC Form 161-B (10/96)

## U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Ms. Evelyn Moore<br>3600 Foxridge Boulevard<br>Tampa, Florida 33543 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida 33602 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>151990079 | EEOC Representative<br>Gary Frey, Supervisor | Telephone No.<br>(813) 228-2310 |
|---|---|---|

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based this charge, please send a copy of your court complaint to this office.

11-30-98    On behalf of the Commission

J. D. Packwood, Jr., Area Director    *(Date Mailed)* 12-10-98

Enclosure(s)
Copy of Charge

cc:

Ms. Mary C. Fleming
Human Resources Director
Northlake Foods d/b/a Waffle House
5912 Breckenridge Pkwy., Suite A
Tampa, Florida 33610

Ronald W. Fraley, Esquire
Fraley & Fraley, P.A.
One Mack Center, Suite 1225
501 E. Kennedy Boulevard
Tampa, Florida 33602



EXHIBIT
"D"

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS** DORIS ANTROBUS, JAMASINA HIVELY, JEANIE LAPLANTE, PATRICIA MEEHAN and EVELYN MOORE, individually and on behalf of all other persons similarly situated.

**DEFENDANTS** NORTHLAKE FOODS, INC., d/b/a WAFFLE HOUSE

98 DEC 21 PM 2:48

DISTRICT COURT
CENTRAL DISTRICT FLORIDA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hernando
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Fraley & Fraley, P.A.
501 E. Kennedy Blvd., Suite 1225
Tampa, Florida 33602

ATTORNEYS (IF KNOWN)
Thomas Garwood Jr.
815 N. Garland
Orlando, Florida 32801

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | PERSONAL PROPERTY | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | ☐ 370 Other Fraud | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | CIVIL RIGHTS | | | |
| ☐ 290 All Other Real Property | ☐ 441 Voting | PRISONER PETITIONS | | |
| | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence HABEAS CORPUS: | | |
| PERSONAL INJURY | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| ☐ 362 Personal Injury — Med Malpractice | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 365 Personal Injury — Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title VII of C.R.A. of 1964, as amended; Equal Pay Act of 1963, 29 U.S.C. § 206(d) Class action employment discrimination

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE December 14, 1998

SIGNATURE OF ATTORNEY OF RECORD
Ronald W. Fraley

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

MIDDLE ━━━━━ DISTRICT OF ━━━ FLORIDA

RECEIVED

*Bf*

98 DEC 21  PM 2: 51

DORIS ANTROBUS, JAMASINA HIVELY,
JEANIE LAPLANTE, PATRICIA MEEHAN and
EVELYN MOORE, individually and on
behalf of all other persons similarly
situated,

    Plaintiffs,

          v.

NORTHLAKE FOODS, INC., d/b/a WAFFLE
HOUSE,

    Defendant.

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 98 - 2601 - CIV-T-17F

TO: (Name and Address of Defendant)

NORTHLAKE FOODS, INC. d/b/a
WAFFLE HOUSE
5912 Breckenridge Parkway
Suite A
Tampa, Florida 33610
Registered Agent:  CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

RONALD W. FRALEY, ESQ.
FRALEY & FRALEY, P. A.
501 E. KENNEDY BLVD., SUITE 1225
TAMPA, FLORIDA 33602

an answer to the complaint which is herewith served upon you, within ____20____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

RICHARD J. SD___

**CLERK**

*Charlotte G. Slemmer*

**BY DEPUTY CLERK**

___ ___ ___

**DATE**